JURY, Bankruptcy Judge,
Concurring:
I have no disagreement with the majority Opinion on this matter. Without question the adoption by the bankruptcy judge of a per se rule that an extraordinary circumstance exists any time a trustee’s requested compensation, as measured by § 326, exceeds the proposed distribution to unsecured creditors is inconsistent with our holding in Salgado-Nava. However, I would take our disagreement with the *898 practices in the Eastern District of California somewhat further.
Although not the articulated basis for the bankruptcy judge’s request for detailed time records in this case and his per se determination that a hearing on the reasonableness of the requested fees was required, as the Trustee points out in his brief, the procedure followed by the judge was consistent with the recently adopted Local Bankruptcy Rule 2016-2[1] in the Eastern District of California, which states:
Compensation of Chapter 7 Trustees
(a) Motion Procedure. Every application for compensation of a Chapter 7 trustee in the categories set forth in paragraph (b) shall be presented by motion noticed and set for hearing pursuant to LBR 9014-1. Such motion shall be supported by time records and a narrative statement of the trustee’s services.
(b) Categories. The procedure specified in paragraph (a) shall be followed for requests that satisfy any of the following criteria:
(1) Fee requests seeking $10,000.00, or more;
(2) Cases in which the trustee seeks fees exceeding the amount remaining to pay'unsecured priority and general claims;
(3) Cases in which there is a “carve out”' for the estate or a “short sale”;
(4) Cases where the trustee has operated the business of the debtor; or
(5) Cases in which the court specifically orders such a-fee application.
This rule was adopted in apparent response to In re Scoggins, 517 B.R. 206 (Bankr.E.D.Cal.2014), a published opinion joined by all the Eastern District bankruptcy judges, who called for the new local rule in their concurrence. Id. at 227.
This rule and the reason it was enacted, as described in Scoggins, is inconsistent with our holding in Salgado-Nava. I submit that LBR 2016-2 stands on its head the presumption of reasonableness of the § 326 commission as called for in § 330(a)(7).
After bemoaning the fact that the U.S. Trustee and creditors offered little help to a reviewing bankruptcy court when it considers a chapter 7 trustee’s fee application, Scoggins adopts a bright line requirement that detailed fee applications, supported by time records kept by the trustee, must be filed in a list of predetermined circumstances (which are articulated as #’s (b) 1-5 in LBR 2016-2) to “sort wheat from chaff’ because the “categories suggest themselves.” Id. at 222. Therefore, like the bankruptcy judge’s decision in this case about when a per se extraordinary circumstance exists, the local rule requires detailed time records every time a trustee requests compensation which exceeds the dollars returned to unsecured creditors and in the other four predetermined categories of cases.
Such requirement flies in the face of Salgado-Nava and the presumption that the commission is reasonable. Our case suggests that even when a bankruptcy court makes an independent, discretionary determination that extraordinary circumstances exist, measuring the worth of the trustee’s service by time billings is error:
*899 But bankruptcy courts still must keep in mind that tallying trustee time expended in performing services and multiplying that time by a reasonable hourly rate ordinarily is beyond the scope of a reasonableness inquiry involving commissions. Simply put, a bankruptcy court that diminishes a trustee’s compensation from the statutorily-set rate errs if the only basis offered for this diminution is a lodestar analysis.
Salgado-Nava, 473 B.R. at 921.
This statement is preceded by a discussion of the impropriety of using a lodestar measure in a commission-based compensation calculation. Id. at 920. Yet, the new Eastern District rule does not just suggest that time records might be requested in some individually screened cases; instead it requires them in every case which falls within the predetermined list. Where did the presumption of reasonableness go?
I do not suggest that this rule mandates the judge to only consider a lodestar approach. However, by inserting it into the middle of the review process every time, it strongly suggests the time expended cannot be ignored, knocking the props out from under the presumption of reasonableness of the commission.
It is not my place to suggest that this new rule be stricken from the books. However, it is fundamentally inconsistent with the holding and reasoning of Salga-do-Nava and teeters on unstable ground in light of that opinion.

. New LBR 2016-2 was adopted in May 2015, after the bankruptcy judge here set the hearing and ruled on this case.